# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Shemaiah Shell, | C/A No. 3:20-cv-02800-SAL |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| Homesite Insurance Company of the Midwest, | |
| Defendant. | |

This matter is before the court on Plaintiff Shemaiah Shell's ("Plaintiff") Motion to Remand (the "Motion"). [ECF No. 12.] For the reasons set forth below, the court grants the Motion and remands the matter to the Court of Common Pleas for Richland County.

## BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2020, Plaintiff filed the above-captioned action against Defendant Homesite Insurance Company of the Midwest ("Defendant"). [ECF No. 1-1, Compl.] Plaintiff claims she contracted with Defendant to provide certain renter's coverage, including personal property coverage, at her dwelling located at 1270 Polo Road, Apt. 231, Columbia, South Carolina 29223. *Id.* at ¶ 8. Plaintiff's dwelling was later burglarized, resulting in loss of certain personal property. *Id.* at ¶ 10. Following the burglary, Plaintiff filed a police report and reported a claim to Defendant. *Id.* at ¶¶ 10–13. Plaintiff alleges Defendant "failed or refused to negotiate the claim in good faith." *Id.* at ¶ 12. As a result, she seeks to recover damages for breach of contract, alleged violation of S.C. Code Ann. § 38-59-20, breach of the covenant of good faith and fair dealing, and unjust enrichment. *Id.* at ¶¶ 14–41.

Plaintiff claims the estimated replacement cost of her property "is in excess of $32,000.00." *Id.* at ¶ 11. She seeks "actual, consequential, and punitive damages, as well as attorney['s] fees, the costs of this action, [and] [] prejudgment interest." *Id.* at WHEREFORE. Further, Plaintiff includes the following limitation at the close of her Complaint: "The total award shall not exceed $75,000.00." *Id.*

On July 30, 2020, Defendant removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. [ECF No. 1.] Defendant asserts that the parties are completely diverse and "upon information and belief the amount in controversy . . . exceeds" $75,000 because the Complaint "alleges a failure to pay policy benefits and [seeks] punitive damages and attorneys' fees." *Id.* at ¶¶ 4–6, 8. While Defendant acknowledges that the "complaint alleges damages not to exceed $75,000," it argues "plaintiff has refused to sign a stipulation to agree to[sic] not to seek more than $75,000." *Id.* at ¶ 6.

On September 10, 2020, Plaintiff filed the Motion that is the subject of this Order. [ECF No. 12.] Relying on the WHEREFORE paragraph in the Complaint, Plaintiff argues the court lacks subject matter jurisdiction because "there is no writing stating or suggesting that Plaintiff intends to seek more than $75,000 in damages in this action." *Id.* at p.3. Further, as the master of her Complaint, Plaintiff claims she may plead less than the jurisdictional amount in controversy. In addition to remand, Plaintiff seeks an award of costs and expenses, including attorney['s] fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1446(c)." *Id.* at p.5.

Defendant responded to the Motion on September 24, 2020. [ECF No. 13.] Defendant makes three arguments: (1) the WHEREFORE paragraph is not a binding stipulation; (2) the punitive damages request, when combined with the $32,000 in alleged actual damages, is enough to satisfy the jurisdictional threshold; and (3) the notice of removal was objectively reasonable and an award

of attorney's fees and costs is not appropriate. Thus, with the motion fully briefed, the matter is ripe for resolution by the court.[1]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Diversity of citizenship is one statutory basis for federal jurisdiction. 28 U.S.C. § 1332. Where diversity jurisdiction exists in a state-court pleading, it may be removed pursuant to 28 U.S.C. § 1441. *See also* 28 U.S.C. § 1446 (requiring a defendant "desiring to remove any civil action from a State court" to file "a notice of removal . . . containing a short and plain statement of the grounds for removal"); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003) ("Typically, an action initiated in a state court can be removed to [federal court] only if it might have been brought in federal court originally.") (internal quotation marks omitted). Regardless of whether a case is filed in district court in the first instance or removed, for the district court to have subject matter jurisdiction, there must be complete diversity between the parties, and the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441.

When a defendant removes a case to federal court, he bears the burden of establishing jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The weight of the burden differs depending on whether removal is challenged. Specifically, the "notice of removal . . . need only *allege* federal jurisdiction with a short plain statement." *Id.* at 297. If removal is challenged, however, "the removing party bears the burden of *demonstrating* that removal

---

[1] The court has thoroughly reviewed the parties' submissions and the applicable case law. It finds the motion suitable for disposition without oral argument. *See* Local Civil Rule 7.08 (D.S.C.).

3

jurisdiction is proper." *Id.* In assessing whether removal is proper, this court must "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Thus, "[i]f federal jurisdiction is doubtful, remand is necessary." *Mulcahey.* 29 F.3d at 151.

## DISCUSSION

In this case, there is no dispute that the parties are completely diverse. They are. The only dispute between the two is on the question of whether the amount-in-controversy requirement is met. This is the question the court must decide to resolve the Motion.

The parties' positions are simple. Plaintiff contends she pleaded less than the jurisdictional amount, and therefore, the court must remand the action. [ECF No. 12.] Defendant argues the jurisdictional limitation in the pleading is not a binding stipulation under South Carolina law, Plaintiff's allegation that the replacement costs of her property "is in excess of $32,000" combined with the request for punitive damages and attorney's fees is sufficient to meet the jurisdictional threshold, and this court should deny the Motion. [ECF No. 13.] To decide who is correct, the court turns to the statute governing the procedure for removal, 28 U.S.C. § 1446.

Section 1446(c)(2) provides the general rule: "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the *sum demanded* in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2) (emphasis added). This is in keeping with the long-standing rule that "the plaintiff is the master of his complaint" and may limit his damages to avoid federal jurisdiction. *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (citing *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938),

4

*superseded by statute on other grounds*, ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("Courts generally determine the amount in controversy by reference to the plaintiff's complaint.").

The general rule stated in section 1446(c)(2) is the rule on which Plaintiff relies. [ECF No. 12 at p.3.] She "has stated that her damages do not exceed $75,000." *Id.* at p.4. Thus, Plaintiff argues that she has demanded less than the jurisdictional amount, and the case must be remanded.

There are a couple of problems with Plaintiff's argument, however. First, the WHEREFORE sentence does not "*demand*" a certain sum.[2] This is not a situation where the pleading states, "Plaintiff *demands* actual and consequential damages totaling $74,500." Instead, the WHEREFORE sentence *limits* Plaintiff's damages. Again, it states: "The total award shall not exceed $75,000.00." Compl. at WHEREFORE. The second problem with Plaintiff's argument is that it fails to account for specific exceptions to section 1446(c)(2)'s general rule.

Defendant argues[3] that Plaintiff's representation that her "total award shall not exceed $75,000.00," *id.*, is not a binding stipulation that would actually limit her recovery. [ECF No. 13

---

[2] When a sum is not "demanded" in the pleading, "[s]pecial difficulties arise[.]" 14C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3725.1 (Rev. 4th ed. Apr. 2021 Update). A court in this District recently assessed the various approaches and concluded that where a complaint fails to demand a specific amount of damages, it is most appropriate to look to the "notice of removal for pertinent information as to the amount in controversy." *Martinez v. Sarratt*, No. 3:20-cv-744, 2020 WL 1892357, at *3 (D.S.C. Apr. 16, 2020). That case—in contrast to the case presently before this court—did not involve an express *limit* on the amount of damages either.

[3] In the Motion, Plaintiff notes that "[u]ntil [she] amends, revises, or attempts to otherwise modify her response as to the amount in controversy, the case is not removable." [ECF No. 12 at p.4 (emphasis added).] And she confirms that "[s]hould that happen, then the Defendant may arguably have an opportunity to remove the case based on the provision and time requirements of 28 U.S.C. § 1446." *Id.* (emphasis added). These statements at least suggest that Plaintiff may not intend to

5

at pp.5–6.] Thus, according to Defendant, Plaintiff seeks an unspecified amount of actual, consequential, and punitive damages, and the limitation has no impact on the amount-in-controversy requirement because "South Carolina law permits recovery in excess of the relief requested in the pleadings." *Id.* at p.4, pp. 5–6. This argument implicates the second[4] of two exceptions to section 1446(c)(2)'s general rule.

Following the general rule found in section 1446(c)(2) is a short and important clause—"except that"—and two exceptions. *Id.* If an exception applies, the court may look past the "sum demanded" in the pleading and consider the notice of removal's calculation of the amount in controversy. *See Smalls v. Credit Acceptance Corp.*, No. 9:16-cv-1954, 2017 WL 11311516, at *6 (D.S.C. Mar. 22, 2017) ("[I]f the amended complaint seeks nonmonetary relief or South Carolina law allows recovery of damages in excess of the amount demanded, the Court may then look at the amount in controversy asserted in the notice of removal."). In those instances, "removal

---

limit her recovery to $75,000.00, as she leaves open the possibility that she will later amend to increase the amount she seeks to recover. Given these statements and Plaintiff's corresponding reference to the "time requirements of 28 U.S.C. § 1446," *id.*, the court takes this opportunity to remind the parties of their Rule 11 requirements when signing a pleading, section 1446(c)(2)'s reference to a demand "in good faith," and the bad faith exception to the one-year prohibition on diversity removals. As a well-known treatise acknowledges, "[a] plaintiff should not be permitted to prevent removal by concealing the value of a claim or by making fraudulent allegations in the complaint[.]" 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (Rev. 4th ed. Apr. 2021 Update); *see also* 28 U.S.C. § 1446(c)(3)(B) ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."). At this point, this court is not asked to determine whether Plaintiff's allegations in the Complaint were made in good faith. Further, this court is not faced with having to decide whether Plaintiff's actions to-date constitute bad faith "to prevent removal," 28 U.S.C. § 1446(c)(3)(B). But this court is mindful of the representations in the briefing, and therefore, sees it fitting to simply quote the U.S. Supreme Court as a reminder to the parties as they continue this action: "Litigation is the pursuit of practical ends, not a game of chess." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

[4] The first, which is not at issue here, is that "the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief[.]" 28 U.S.C. § 1446(c)(2)(A)(i).

of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B).

The exception raised by Defendant provides that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages *in excess of the amount demanded*[.]" 28 U.S.C. § 1446(c)(2)(A)(ii) (emphasis added). Defendant contends that is exactly what exists here. South Carolina law allows a plaintiff to recover "in excess of the relief requested in the pleadings," and, therefore, the court may consider the amount in controversy as stated in its notice of removal. [ECF No. 13 at p.5.] In making this argument, Defendant relies on South Carolina Rule of Civil Procedure 54 and *Battery v. Homeowners Association v. Lincoln Financial Resources, Inc.*, 422 S.E.2d 93 (S.C. 1992). Much like Plaintiff's reliance on section 1446(c)(2)'s general rule was problematic, Defendant's reliance on the exception in section 1446(c)(2)(A)(ii) has its own challenges.

At the outset, the court agrees with Defendant that South Carolina law allows a plaintiff to recover more than initially demanded in the pleading. The plain language of Rule 54(c), SCRCP provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not *demanded* such relief in his pleadings." S.C. R. Civ. P. 54(c) (emphasis added). The South Carolina Supreme Court's holding in *Battery* affirms this rule. There, the plaintiff sought regime fees totaling $15,500, but was awarded regime fees, attorney's fees, and penalties totaling $159,930. *Battery*, 422 S.E.2d at 249.[5] On appeal, the defendant argued that the recoverable damages should be limited to the amount demanded in the

---

[5] Notably for purposes of the Rule 8, SCRCP analysis below, punitive damages were not at issue in *Battery*.

pleading. *Id.* at 251. The South Carolina Supreme Court disagreed. It looked to Rule 54(c), SCRCP and concluded that the argument was "without merit;" the plaintiff was allowed to recover more than it had initially demanded in the pleading. *Id.* Reading Rule 54(c), SCRCP and *Battery*, there is no question that South Carolina law "permits recovery of damages in excess of the amount *demanded*[.]" 28 U.S.C. § 1446(c)(2)(A)(ii) (emphasis added); *see also Smalls*, 2017 WL 11311516, at *6 ("[E]ven though the plaintiffs allege their damages to be $75,00, South Carolina law authorizes recovery of damages in excess of the relief requested in the complaint.").

Importantly, both Rule 54(c), SCRCP and section 1446(c)(2)(A)(ii) use the word "demanded" to describe what is recoverable. The exception does not apply for the same reason that the general rule does not apply: Plaintiff's pleading does not *demand* damages totaling $75,000. Instead, it *limits* the amount of damages sought. Again, Plaintiff specifically demands "actual, consequential, and punitive damages, as well as attorney fees, the costs of [the] action, [] prejudgment interest, and []whatever other relief might be just and proper." *See* Compl. at WHEREFORE. But she thereafter avers a limit: "The total award shall not exceed $75,000." *Id.*

At first glance, a *demand* for damages versus a *limit* on damages may seem to be a distinction without a difference. But, a review of the South Carolina Rules of Civil Procedure, compared to the plain language of section 1446(c)(2)(A)(ii), confirms that the distinction is both real and significant. In this regard, the court turns to Rule 8, SCRCP.

While both Rule 54(c), SCRCP and section 1446 address recoverability in excess of what is *demanded* in the pleading, Rule 8(a), SCRCP goes one step further and addresses express limitations on damages. It provides:

> Relief for a sum certain in money may be demanded for actual damages, but claims for punitive and exemplary damages shall be in general terms only and not for a stated sum, provided however, a

8

> *party may plead that the total amount in controversy shall not exceed a stated sum which shall limit the claim for all purposes*.

S.C. R. Civ. P. 8(a) (emphasis added).[6]

Reading the first part of the rule, it is in keeping with Rule 54(c), SCRCP and section 1446. A party may, but need not, *demand* a specific sum of actual damages. Punitive and exemplary damages, however, are only stated in general terms. Thus, Rule 8(a), SCRCP confirms that regardless of whether a plaintiff *demands* actual damages as a sum certain or not, that plaintiff may recover the amount of damages actually awarded at the conclusion of the case. *See* S.C. R. Civ. P. 8, Note (citing Rule 54(c) in conjunction with recognition that "[l]iberal rules as to amendment throughout (*i.e.*, Rule 15) enable the parties to conform the pleadings to the facts and relief demanded, as they develop"). Crucial for this case, however, is the language found in the last line: "[A] party may plead that the total amount in controversy *shall not exceed* a stated sum[.]" S.C. R. Civ. P. 8(a) (emphasis added). In those instances, *i.e.*, where a plaintiff expressly *limits* the amount in controversy, including punitive and exemplary damages, the claim is "limit[ed] . . . for all purposes." *Id.*[7]

---

[6] Courts in this District have cited Rule 8, SCRCP as allowing a plaintiff to expressly limit the damages sought in a pleading. *See, e.g., Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 782–83 (D.S.C. 2008) (referencing Rule 8(a), SCRCP and concluding statement that "'the amount in controversy for the entire proposed Class does not exceed five million dollars'" is a "specific limitation on damages"); *Hamilton v. OSI Collection Servs., Inc.*, No. 2:10-cv-1740, 2010 WL 4226016, at *2, *4 (D.S.C. Oct. 20, 2010) (concluding statement that "such amount being less than $74,000.00" was a limit on damages and noting that it believes "principles of estoppel would apply to give effect to Rule 8(a) over Rule 54(c) under these circumstances").

[7] Another court in this District compared Rule 8(a), SCRCP to Rule 54(c), SCRCP, noting "there may be some potential conflict between the two rules." *Smith v. Medtronic Sofamor Danek, USA, Inc.*, No. 9:06-cv-1992, 2006 WL 2171518, at *2 n.2 (D.S.C. July 31, 2006). The comparison was made in the context of the court validating certain defendants' concerns about the "potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *Id.* at *2 (internal citation omitted). The court ultimately concluded that the defendant "had not shown that the

This court finds that Plaintiff's WHEREFORE clause is a limitation on damages in accordance with the last line of Rule 8(a), SCRCP. A side-by-side comparison of the two is most telling:

**Plaintiff's WHEREFORE clause:** "The total award shall not exceed $75,000."

**Rule 8(a), SCRCP:** "[T]he total amount in controversy shall not exceed a stated sum[.]" The only differences are that Plaintiff uses "award" in place of "amount in controversy" and replaces "stated sum" with the stated sum—$75,000. Both Plaintiff's WHEREFORE clause and Rule 8(a), SCRCP use the limiting phrase, "shall not exceed."[8]

As a result of the foregoing analysis, this court concludes that there is a difference between a plaintiff affirmatively demanding a sum certain (and the court allowing a plaintiff to recover more than demanded), *e.g.*, Rule 54(c), SCRCP, and a plaintiff affirmatively limiting her recovery such that it may never exceed a stated sum, *e.g.*, Rule 8(a), FRCP. Plaintiff's Complaint limits, as opposed to demands, the amount of damages. Turning back to the language of section 1446(c)(2)(A)(ii), it seems to this court that the exception covers the former, but not the latter.

When a plaintiff *demands* a sum certain in her initial pleading and state law allows recovery in excess of the stated amount, the exception allows this court to look to the notice of removal to assess the amount in controversy. In contrast, when a plaintiff expressly *limits* the amount she may recover, the exception does not apply. This conclusion goes back to the use of "demanded"

---

plaintiff's limitation on damages in the complaint was made in bad faith." *Id.* at *4. Following removal in that case, the plaintiff filed a stipulation that the amount in controversy did not exceed $75,000, which further supported the court's conclusion. *Id.*

[8] The Note to the 1986 Amendment to Rule 8(a), SCRCP confirms that such a limitation on damages may impact jurisdiction. It recognizes the importance of the "amount in controversy" as it "may determine the jurisdiction of the State and Federal courts, as well as the methods of discovery available in State courts." S.C. R. Civ. P. 8, Note to 1986 Amendment. The purpose of the amendment, accordingly, was to "avoid[] an exaggerated interpretation of a claim for punitive damages and permit[] the pleader to keep the case proportionate to the actual injury suffered." *Id.* In a case such as the one currently before this court, a plaintiff may expressly limit the amount of damages, including punitive damages, it seeks to recover.

in Rule 54(c), SCRCP and section 1446(c)(2)(A)(ii). The exception applies only if "State practice . . . permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A)(ii). A plaintiff who affirmatively represents that her "total award shall not exceed $75,000," Compl. at WHEREFORE, is not "demand[ing]" an amount of damages that Rule 54(c), SCRCP would ignore for recovery purposes. Plaintiff's clause is, therefore, governed by Rule 8(a), SCRCP, not Rule 54(c), SCRCP.

So, if the general rule in section 1446(c)(2) does not apply *and* the exception in section 1446(c)(2)(A)(ii) does not apply, where does this leave the court in assessing the amount in controversy requirement? The court must determine whether the specific limitation on damages is enough, in and of itself, to defeat removal. In that regard, this court is compelled to follow prior decisions in this District and "will not undertake an independent review of the amount in controversy as the . . . complaint plainly provides a specific limitation on damages." *Brooks*, 532 F. Supp. 2d at 782; *see also Hamilton*, 2010 WL 4226016, at *4. This court is without subject matter jurisdiction, and it must remand the case to state court.

Some final words of caution: In accordance with the plain language of Rule 8(a), SCRCP, Plaintiff's claim is "limit[d] . . . for *all purposes*." S.C. R. Civ. P. 8(a) (emphasis added). Just as Rule 8, SCRCP serves in Plaintiff's favor now, it is this court's position that it should also limit the amount Plaintiff may recover at the end of the case, without running afoul of Rule 54(c), SCRCP.[9]

---

[9] It seems to this court that the two rules may be harmonized. In those cases where a plaintiff *demands* a specific sum and the judge or jury awards more based on the evidence submitted at trial, Rule 54(c), SCRCP would allow the plaintiff to recover the higher award. But where a plaintiff expressly *limits* the amount he is seeking to recover, Rule 8(a), SCRCP would bar him from recovery any higher award. A court could easily conclude that a plaintiff who has expressly limited his damages is not "entitled" to recover the higher award. *See* S.C. R. Civ. P. 54(c)

## CONCLUSION

In accordance with the foregoing, Plaintiff Shemaiah Shell's Motion to Remand, ECF No. 12, is **GRANTED**.[10] The above-captioned matter is **REMANDED** to the Court of Common Pleas for Richland County, South Carolina.

**IT IS SO ORDERED.**

                                                /s/ Sherri A. Lydon
                                                United States District Judge

June 17, 2021
Florence, South Carolina

---

("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.").

[10] The last line of Plaintiff's Memorandum in Support of Motion to Remand includes a request for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1446(c)." [ECF No. 12 at p.5.] The U.S. Supreme Court has held that "an award of fees under § 1447(c) is left to the district court's discretion," but the "standard . . . should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Because the case law is still evolving on the question at issue here, this court declines to award costs and expenses in this case.